<sup>Aug. 13,</sup><sub>1875.</sub> }                 RAY v. AUSTIN.

*Reference—Practice.*

The referee law of 1874 contains no provision that upon the neglect or refusal of any party to appear before the referee, being certified to the court, judgment shall be rendered against him as upon nonsuit or default; and authority to render such judgment is not to be inferred from the provision in said act that after the report has been made the cause may be tried by jury " in the same manner and with the same limitations as in the case of the report of an auditor."

FROM MERRIMACK CIRCUIT COURT.

This action was sent by the court to a referee, who made report at the April term, 1875, as follows :

" The referee, before named, being first duly sworn, certifies that he appointed a hearing in said action at the office of Sargent & Chase, in Concord, in said county, on January 2, 1875, at 10 o'clock in the forenoon, and notified the parties thereof by sending notices through the post-office, mailed on November 16, 1874, at the Concord post-office,

with the postage prepaid, addressed to the attorneys of said parties respectively ; that he attended at the time and place thus appointed, but neither of the parties appeared ; that he subsequently appointed another hearing at his office, in said Concord, on March 20, 1875, at 10 o'clock A. M., and on February 10 and 15, 1875, notified the parties thereof, as appears by the copy of notice and evidence of service thereon, hereto annexed and made a part thereof ; that at the time and place thus appointed he attended, and the plaintiff appeared in person, and by his counsel, Henry P. Rolfe, Esq., and the defendant appeared specially by his counsel, Samuel B. Page, Esq. ; that the defendant's counsel, thus appearing, objected to the hearing because notice of a former hearing had been given, at which neither party appeared ; that the plaintiff's counsel moved for a default because there was no general appearance for the defendant.

"No further proceedings being had before the referee, he reports the foregoing facts for the consideration and action of the court."

Upon the plaintiff's motion a default was ordered by FOSTER, C. J., to which the defendant excepted, and the questions thereupon arising were transferred to this court for determination.

LADD, J.   By ch. 97, sec. 13, Laws of 1874, it is provided that "in all cases referred without the consent of the parties, wherein they are by law entitled to a trial by jury, the same may, at the request of either party, be tried by jury after the report of the referee has been made, in the same manner and with the same limitations as in the case of the report of an auditor."   At the session of the legislature just closed, an act was passed (approved July 3, 1875) in amendment of the statute of 1874, whereby it is provided, among other things, that "the superior court may make such rules, and promulgate the same from time to time, as shall seem proper to regulate the practice of referring causes and the proceedings before referees."   The court has not as yet made any rule on the subject, and the order of default in this case was made before the latter statute was enacted.   In this state of things I think the order was wrong, and that the default should be stricken off.

CUSHING, C. J., and SMITH, J., concurred.

*Exceptions sustained.*