GAMSBY *v.* COLUMBIA.

*Reference—Practice.*

*Ray* v. *Austin,* 56 N. H. 36, reäffirmed.

FROM COÖS CIRCUIT COURT.

ACTION ON THE CASE, to recover damages for an injury to the plaintiff, alleged to have been caused by a defective highway. The case was referred to Hon. Jonathan Ross, by order of court, at the February term, 1875. The referee appointed a hearing, July 20, 1875, when the parties appeared before him, and the plaintiff filed the following paper:

"Fletcher J. Gamsby, of Columbia, before Hon. Jonathan Ross, July 20, 1875.

"The plaintiff cannot go into a hearing of this cause, for the following reasons:

" He is of small means and of infirm health, and a trial of his cause would necessarily occupy considerable time, and a large expenditure of money; and he is advised and believes, that if after a long and expensive trial he should procure a report for damages, to which he believes he is justly entitled, it would be of no avail to him, as he believes the town would elect a trial by jury, as they have a right to do under the law, and then subject him to the great expense of two trials.

" He believes in the constitutional right of trial by jury, and that he is entitled to have his damages assessed by a jury without being subjected to an expense which would practically contravene that clause of the constitution which provides that 'Every subject of this state is entitled to a certain remedy, by having recourse to the laws for all injuries he may receive in his person, property, or character, to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without any delay.'

" FLETCHER J. GAMSBY."

The defendants presented to the referee a paper in reply, insisting upon a trial, and requesting him to report the facts to the court, which he did as follows:

" The referee before named, being first duly sworn, has given notice to the parties that he would attend to the duties of said appointment, on the twentieth day of July, 1875, at the court-house in Colebrook in said county of Coös, at 10 o'clock in the forenoon, and, having attended at said time and place, reports that the parties appeared, and their respective counsel,—Messrs. Aldrich & Shurtleff appearing for the plaintiff, and Messrs. Geo. A. Bingham and Dudley for the defendants. The plaintiff, by his attorneys, filed with the referee a protest or declination against hearing said cause before the referee, which is hereto attached and referred to. The defendants, by their attorneys, filed an answer to the same, which is also attached and referred to. The plaintiff declined to produce any testimony to substantiate his claim against the defendants. The defendants were present, with witnesses, whose certificate of attendance is hereto attached and referred to, and asked to have the hearing proceed. The referee informed the plaintiff he was ready to proceed with the hearing; but the plaintiff declined to proceed, for the reason set forth in his written declination, and said he preferred to submit to a report against him. The referee therefore reports, that the plaintiff failed to establish any cause of action against the defendants, and that the defendants are entitled to recover their costs. The plaintiff questioned the good faith of the defendants in producing witnesses, or so many witnesses, before the referee. The referee did not attempt to hear and determine the same, as he is unacquainted with the rules prevailing in New Hampshire relative thereto, and submits the same to the court. The plaintiff himself was present, but produced no witnesses before the referee.

" All of which is respectfully submitted.

" JONATHAN ROSS, referee."

The report was not filed until after the adjournment of the August term, 1875; but during vacation, by order of court, the plaintiff paid the referee's fees, amounting to $32.80. At the present term the plaintiff moved for a trial by jury, and offered to allow the referee's report to go to the jury as evidence for the defendants. The defendants moved for a nonsuit, which motion was allowed by the court, and the plaintiff excepted. The questions thereupon arising were transferred to this court for determination by RAND, J., C. C.

' *Aldrich & Shurtleff, Ray, Drew & Heywood,* and *H. A. & E. Fletcher,* for the plaintiff.

*Dudley* and *G. A. Bingham,* for the defendants.

LADD, J. *Ray* v. *Austin,* 56 N. H. 36, is decisive of this case, and the order of nonsuit must be taken off.

CUSHING, C. J., and SMITH, J., concurred.

*Exceptions sustained.*