Aug. 11,
1876.                    KELLEY *v.* SIMONDS.

*Practice under the reference law of 1874.*

*Ray* v. *Austin,* 56 N. H. 36, affirmed.

FROM MERRIMACK CIRCUIT COURT.

This action, at the April term, 1875, was referred by order of court to a referee, under the statute of 1874, who notified the parties, and the plaintiff appeared with his counsel and witnesses; but the defendant did not appear. The referee, as directed in his commission, so reported. At this term the plaintiff filed the report, and moved for default. Motion denied. The defendant elected trial by jury, and moved to put the action on the jury-list. The plaintiff objected that the defendant, having neglected to appear before the referee, could not demand a trial by jury; but the court ruled otherwise. The plaintiff excepted to the foregoing rulings, and the question thus raised was transferred by SMITH, J.

*E. B. S. Sanborn* and *Pike & Blodgett,* for the plaintiff.

*Tappan & Albin* and *Eastman & Page,* for the defendant.

*LADD, J.   I have not seen sufficient reason to change my mind since the question raised by this case was decided in *Ray* v. *Austin*, 56 N. H. 36.   I thought then, and think now, that secs. 5 and 6 of ch. 212, Gen. Stats., cannot be incorporated by construction into the reference law of 1874; and I know of no rule of law which makes a judgment as upon default, or nonsuit, the only punishment which the court can visit upon a party who omits to appear before a referee, whether such omission be due to his misfortune, his contumacy, or his dislike of the law.   I think the exception should be overruled.

CUSHING, C. J.   Whatever I might have thought if this case had arisen after the promulgation of the Rules at December term, 1875, I do not see any occasion to revise the ruling which was made before the amendment of the law in 1875, and the promulgation of Rule 67, in December, 1875.

STANLEY, J., C. C., concurred.

*Exceptions overruled.*